IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGE TASSEFF,

        Plaintiff,                          Case No.: 3:13-CV-263

vs.

COMMISSIONER OF                       Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                     (Consent Case)

        Defendant.

---

**ORDER THAT THE PARTIES' JOINT STIPULATION FOR EAJA FEES (DOC. 17)
BE CONSTRUED AS A JOINT, UNOPPOSED MOTION
FOR $3,750.00 IN EAJA FEES, AND GRANTED**

---

This consent case is before the Court pursuant to a request by Plaintiff for an award of her attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 16. Following Plaintiff's initial motion, the Parties filed a stipulation to an award of $3,750.00 in fees; this stipulation (doc. 17) is construed as a joint, unopposed motion for $3,750.00 in EAJA fees.

**I.**

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who wins a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

**II.**

On April 28, 2014, the parties submitted a stipulation to remand this matter to the Social Security Administration pursuant to Sentence Four of Section 205 of the Social Secuirty Act, 42

U.S.C. § 405(g). Doc. 13. On April 30, 2014, the undersigned ordered that this matter be remanded to the Commissioner for further administrative proceedings. Doc. 14. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes, and is therefore entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 22.00 hours on this matter. Doc. 16-2 at PageID 1030. At the stipulated amount of $3,750.00, this calculates as $170.45 per hour -- an hourly rate not challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel, *see* doc. 16-2 at PageID 1030, and considering the nature of the work counsel performed in this matter, the Court finds the requested fees reasonable. *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-CV-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application). Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $3,750.00.

### III.

Based upon the foregoing analysis, **IT IS ORDERED THAT**:

1. The parties' joint stipulation for an EAJA fee award (doc. 17), construed as a joint, unopposed motion for an award of attorney's fees, is **GRANTED**;

2. Plaintiff is **AWARDED** the sum of $3,750.00 in EAJA fees; and

3. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

May 28, 2014                                         s/ **Michael J. Newman**
                                                    United States Magistrate Judge